# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY C. HARRISON,<br><br>Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA COUNTY OF SONOMA, et al.,<br><br>Defendants. | Case No. 17-cv-05818-SI<br><br>**ORDER OF DISMISSAL**<br>Re: Dkt. No. 1 |

Gregory Carter Harrison, an inmate at the Sonoma County Jail, filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983. The complaint is now before the court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487

U.S. 42, 48 (1988).

Harrison alleges in his complaint that the Sonoma County Superior Court incorrectly calculated his credits for time served when it imposed his sentence upon a conviction. He also contends that he should receive more time credits than he did receive. With the time credits he contends he should have received, he would be released from jail sooner. Harrison seeks monetary relief and to have all the credits to which he is entitled applied to his sentence

A plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence already has been determined to be wrongful. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. *See id.* The *Heck* rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction or other decision -- would imply that the conviction or other decision was invalid. The practical importance of this rule is that a plaintiff cannot attack his conviction or sentence in a civil rights action for damages or declaratory relief; the decision must have been successfully attacked before the civil rights action for damages is filed.

Harrison's request for monetary relief is barred by the *Heck* rule, as he is seeking relief that would call into question the sentence imposed. To prevail on his claim for damages, he would have to establish that the superior court's sentence was incorrect. But that sentence has not yet been determined to be wrongful, as it must under *Heck* to allow Harrison to assert a claim for damages.

Harrison's other request, to have time credits applied to his sentence, also cannot go forward in this civil rights action because it must be pursued in a habeas action. If a plaintiff wants to challenge the duration of his custody, such as by challenging the calculation of credit for time served as a part of his sentence, the exclusive method by which he may do so in federal court is by filing a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Nettles v. Grounds*, 830 F.3d 922, 932 (9th Cir. 2016) (en banc).

## CONCLUSION

This action is dismissed without prejudice to Harrison filing a petition for writ of habeas corpus to challenge the calculation of his sentence and without prejudice to him filing a new civil rights action for damages if the length of his sentence is ever determined to be unlawful.

**IT IS SO ORDERED**.

Dated: January 19, 2018

SUSAN ILLSTON
United States District Judge